UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**
      **Plaintiff,**

v.                                                                                                No. SA-20-CR-81-JKP

**LUIS ANTONIO TALAMANTES-ROMERO,**
      **Defendant.**

## ORDER ON MOTION

Before the Court is Defendant's motion to withdraw plea (ECF No. 53). With the filing of the response (ECF No. 57) and the expiration of the time to reply, the motion is ripe for ruling. For the reasons set forth below, the Court denies the motion.

**I. Background**

On January 21, 2020, Immigration and Customs Enforcement arrested Luis Talamantes-Romero as the target of an Enforcement Removal Operations investigation. ECF No. 1. On January 22, 2020, the Court appointed the office of the Federal Public Defender to represent him. ECF No. 5. On February 5, 2020, Talamantes-Romero was charged by indictment for illegally reentering the United States in violation of 8 U.S.C. § 1326. ECF No. 11.

On May 5, 2020, Talamantes-Romero pled guilty to the indictment without a plea agreement. He signed and agreed to a factual basis for his plea, which states that (1) Talamantes-Romero was found in the United States on January 21, 2020; (2) he was a citizen of Mexico and an alien in the United States on that date; (3) he had previously been deported from the United States on September 5, 2019; and (4) he had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of his previous deportation. ECF No. 27.

The August 4, 2020 revised presentence report put Talamantes-Romero's advisory Guidelines range at fifty-one to sixty-three months' imprisonment. ECF No. 31. On August 19, 2020, the Government filed a motion for upward departure requesting the statutory maximum sentence of twenty years. ECF No. 34. The Government's motion is based on a murder Talamantes-Romero allegedly committed in New Mexico prior to him being arrested in San Antonio, Texas and charged with illegal reentry. *Id.* The Government did not provide Defendant notice of its intent to move for upward departure and the imposition of the maximum sentence prior to filing the motion. ECF No. 45, Transcript of Proceedings, 6:17-22.

At a status conference convened November 10, 2020, Defendant's counsel informed the Court that in light of the motion for departure, she may need to advise her client to consider making a motion to withdraw his guilty plea. *Id.* at 6:13-16. Counsel repeated this at a May 18, 2021 status conference. ECF No. 56 at 16:10-11, 29:20-22, 30:16-23. And stated that, "if the Court is going to consider [the alleged murder in fashioning Talamantes-Romero's sentence], "we would be asking for a motion to withdraw the guilty plea to proceed to a trial." *Id.* at 16:23-25. At that status conference, the Court determined that in accordance with 18 U.S.C. § 3661, it would hear the evidence about the charged conduct in New Mexico because refusing to hear the evidence would seemingly violate § 3661 by placing a judicially created limitation on what the Court could consider. ECF No. 56 at 18:7-13. Defendant filed his motion to withdraw plea on July 14, 2021. ECF No. 53.

**II. Legal Standard**

After the Court has accepted a defendant's guilty plea, the plea may be withdrawn before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant has "no absolute right to withdraw a guilty plea before the

imposition of sentence." *United States v. Minor*, 714 F.3d 319, 321 (5th Cir. 2013) (quoting *United States v. Carr,* 740 F.2d 339, 344 (5th Cir.1984)). "The standard for determining whether or not a defendant may withdraw his guilty plea prior to sentencing is whether 'for any reason the granting of the privilege seems fair and just.'" *Carr*, 740 F.2d at 343 (quoting *United States v. Rasmussen,* 642 F.2d 165, 167 (5th Cir.1981)). The defendant bears the burden of establishing "'a fair and just reason' for withdrawing his plea." *United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009). The decision to allow a defendant to withdraw his plea is within the sound discretion of the Court. *Id.*

When determining whether it would be "fair and just" to allow a defendant to withdraw a guilty plea, courts consider the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-44; *accord United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014); *United States v. McKnight*, 570 F.3d 641, 645-46 (5th Cir. 2009). Courts are "not required to make findings as to each of the *Carr* factors." *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998); *accord United States v. Washington,* 480 F.3d 309, 317 (5th Cir. 2007). "The decision to permit or deny withdrawal is based on the totality of the circumstances." *Id.*; *see also Urias-Marrufo*, 744 F.3d at 364.

### III. Analysis

#### *Carr* Factor 1: Innocence

Talamantes-Romero has not asserted that he is innocent of the § 1326 charge.

***Carr* Factor 2: Prejudice to the Government**

The Government did not express opposition when Defendant's counsel orally raised the specter of a motion to withdraw Defendant's plea. *See* ECF Nos. 45 at 6:13-16; 56 at 16:10-11, 23-25. And expressed ambivalence about to going to trial on the § 1326 charge. *See* ECF No. 56 at 25:8-13 (in response to the possibility of trial on the § 1326 charge, the Government stated, "if that's where we end up, that's where we end up"). Additionally, the time and resources the try the § 1326 charge would be miniscule compared to the time and resources the Government is expending to prosecute their motion for upward departure. Thus, the Court finds that granting the motion would not prejudice the Government.

***Carr* Factors 4 and 7: Inconvenience to the Court and Waste of Judicial Resources**

In light of the COVID-19 pandemic, even a two-day jury trial currently taxes the resources of the Court. The Court's COVID-19 protocols dictate that a criminal jury trial requires the use of three courtrooms, occupies two floors of the courthouse, and utilizes extensive IT resources. Additionally, due to the surge of COVID-19 cases and Delta variant infections in San Antonio, on August 9, 2021, the Court continued all jury trials through October 3, 2021.[1] Therefore, the Court finds that granting the motion would inconvenience the Court. Given the time and effort already expended on the Government's departure motion, a trial on the § 1326 charge would not waste judicial resources.

***Carr* Factor 3: Delay**

The Government complains that Defendant waited eleven months to file the subject motion. But as recited above, at each status conference, Defendant's counsel put everyone on notice that she anticipated filing such a motion. Notably, during the May 18, 2021 status

---

[1] *See* San Antonio "August 9, 2021 - Order Regarding Court Operations in the San Antonio Division under the Exigent Circumstances Created by the COVID-19 Pandemic." https://www.txwd.uscourts.gov/coronavirus-covid-19-guidance/.

conference the Court stated that the hearing on the Government's departure motion would be scheduled after Labor Day (2021) and "that date would be subject to the anticipated motion to withdraw the guilty plea." ECF No. 56 at 30:16-23.

Additionally, the Government did not oppose any of the continuances requested by the Defendant. *See* ECF Nos. 45 at 9:21-10:10; 56 at 11:1-3, 17:17-20 ("We're fine with a 90-day timeline, Your Honor. And, again, I'm going to put it out there. If we want to continue it for a year, year and a half to allow this -- this trial to get done, we're ready to do that.") Moreover, the Court found the continuances in this case were warranted.

Finally, the Government has stated its intent to try Talamantes-Romero for murder in a sentencing hearing, thereby eliciting a ruling based on a lower standard of proof and relaxed rules of evidence. *See* ECF No. 56, Transcript of proceedings, 9:14-19 (". . . this is a matter of public concern and public record. This involves a defendant that is alleged to have committed a heinous crime and *that's what we intend to prove in your courtroom*."). Consequently, that Defendant's counsel took time to complete due diligence before filing the motion to withdraw plea was not unreasonable. The Court therefore concludes that any delay in filing the subject motion does not weigh against Defendant.

*Carr* **Factors 5 and 6: Close Assistance of Counsel and Knowing and Voluntary**

Defendant has been represented by competent, experienced, and respected counsel throughout the proceedings in this case. A knowing and voluntary guilty plea requires the defendant have a "full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama,* 395 U.S. 238, 244 (1969). This includes notice of the nature of the charges, understanding the consequences of the plea, and understanding the nature of the constitutional protections waived. *Matthew v. Johnson,* 201 F.3d 353, 365 (5th Cir. 2000). The transcript of the

plea colloquy evidences that Talamantes-Romero entered his plea knowingly and voluntarily. Specifically, he confirmed that he understood that the penalties for the charge to which he was pleading guilty included a maximum term of imprisonment of twenty years. ECF No. 54, Transcript of Plea Colloquy, 10:4-11. Additionally, Talamantes-Romero acknowledged his understanding that the sentencing guidelines are only advisory and that the Court could sentence him to any reasonable term between the minimum and the maximum statutory penalties. *Id.* at 11:17-22.

### IV. Conclusion

Considering the totality of the circumstances, the Court is not persuaded that it would be "fair and just" to allow Talamantes-Romero to withdraw his plea. Talamantes-Romero does not assert his innocence, he was and is assisted by competent, experienced, and well-respected counsel, and his plea was knowing and voluntary, as evidenced by the transcript of his plea colloquy. Accordingly, the Court **DENIES** Defendant's Motion to Withdraw Guilty Plea (ECF No. 53).

**It is so ORDERED this 12th day of August 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**